51 CCPA

**R. NEUMANN & CO., Appellant,**

v.

**BON–TON AUTO UPHOLSTERY, INC.,. Appellee.**

Patent Appeal No. 7067.

United States Court of Customs and Patent Appeals.
Jan. 23, 1964.

Worley, Chief Judge, dissented.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Sidney A. Diamond, New York City, of counsel), for appellant.

Submitted on record by appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

R. Neumann & Co. appeals from a decision of the Trademark Trial and Appeal Board which dismissed appellant's

opposition[1] to application[2] by Bon-Ton Auto Upholstery, Inc., appellee, for registration of the term "VYNAHYDE" as a trademark for plastic film and plastic film made into furniture slip covers. Use since August 30, 1955 was alleged.

Appellant alleged in its notice of opposition that "hide" is the common descriptive name for the whole pelt from a large animal, such as a cow or horse; that the term "hyde" is the phonetic equivalent of "hide" and that said term as applied to appellee's goods is deceptive and deceptively misdescriptive under Section 2(a) and Section 2(e) (1) of the Trademark Act of 1946. Appellant produces leather by tanning the hides of various animals. It is the successor to a family business which commenced the production of leather and luggage prior to 1870. The leather produced is sold in substantial quantities to manufacturers of various kinds of leather products throughout the United States and in various foreign countries. For the past five years, appellant has produced annually between six and seven million square feet of leather.

Appellee's business consists primarily of making to order automobile seat covers, tops for convertible automobiles, and furniture slip covers. Its products usually are made of plastic film, but leather is sometimes used; and its slip covers are used to cover a variety of upholstery, including leather.

Appellee admits in its answer that "HYDE" is the phonetic equivalent of "HIDE."

Appellant's record consists of the discovery deposition of appellee's president duly filed and a stipulation of facts. Appellee took no testimony, but filed a stipulation identifying certain exhibits annexed thereto.

The issues here presented are similar to those with which we have dealt in R. Neumann & Co. v. Overseas Shipments, Inc. (Patent Appeal No. 7171, Cust. & Pat.App., 326 F.2d 786.)

In dismissing the opposition, the board held that:

"The question to be resolved herein is whether the mark sought to be registered is either deceptive or deceptively misdescriptive as applied to applicant's non-leather goods and, if so, whether its registration with all the presumptions flowing therefrom would be inconsistent with an equal right of opposer and its customers to continue to use the descriptive term 'hide' in connection with the sale of leather and leather goods.

"While the term 'HYDE' is admittedly the equivalent of 'hide,' there is no evidence of record that purchasers of applicant's vinyl plastic film and vinyl plastic furniture slip covers would regard the term as meaning only the hide of an animal. The term 'hide' also means 'to cover,' and it is believed that, as applied to applicant's goods, it would more than likely suggest a cover. But aside from this consideration, and assuming arguendo that 'HYDE' is misdescriptive of applicant's goods, the registration of 'VYNAHYDE' could not involve injury to opposer in that it could not possibly be employed to preclude opposer or anyone else from using the term 'hide' in its primary sense to describe leather products."

We have here a factual situation where appellee seeks to adopt the term "hyde," admittedly the phonetic equivalent of the leather term "hide," as a distinct component of a trademark for a nonleather film[3] which can be made to simulate leather.

With an almost limitless source, as broad as language itself, from which to

1. No. 39,802 filed March 10, 1960.

2. Serial No. 68,648 filed March 2, 1959.

3. Webster's New International Dictionary 947 (2d ed. 1958) defines "film" as "thin skin; a pellicle; a membranous covering."

choose an appropriate mark, one verges on the suspect in selecting a trademark that is misleading, either in meaning or by implication or that places him in a position to impinge upon the rights of others. As this court said in Planters Nut & Chocolate Co. v. Crown Nut Co., Inc., 305 F.2d 916, 50 CCPA 1120:

"* * * Where he does so he is open to the suspicion that his purpose is to appropriate to himself some of the good will of his competitor."

We find it difficult to escape the conclusion that denominating a product as something which it is not is deceptive and deceptively misdescriptive. It requires no exercise in semantics to conclude that in the broad area of leather goods manufacture and marketing, the public mind has always accepted and understood leather to be "hide" and "hide" to be leather. The adoption of the phonetic equivalent "hyde" does not mitigate this situation. It is most difficult to divine any purpose other than to trade on the good will of leather where the manufacturer or dispenser of nonleather products appropriates this phonetic equivalent.

In Patent Appeal No. 7171, hereinabove referred to, we had occasion to observe that the Federal Trade Commission, in dealing with "deceptive acts or practices in commerce," has repeatedly condemned trademarks which include the term "hide" or "hyde" for nonleather products. The substance of the observations which we there made is relevant in large measure here.

We find here, as in appeal No. 7171, that appellee refers to its product as "genuine virgin Vynahyde" and "genuine Vynahyde." We think that what we said in No. 7171 bears equal relevancy here.

We are unable to reconcile our view with that expressed by the board to the effect that inasmuch as there is no evidence of record that purchasers of appellee's products would regard the phonetic equivalent of "hide" as meaning only the hide of an animal and that since the term "hide" also means "to cover" so that when applied to appellee's goods "it would more than likely suggest a cover."

It may well be that one might studiously ferret out other definitions for "hide." The dominant fact remains, however, that the term in common acceptation of the public and trade means the skin of an animal. If there be no evidence of record that purchasers would regard the term "hyde" as meaning the hide of an animal, we fail to find evidence of record to support the conclusion, or even an inference, "that it would more than likely suggest a cover." The inference that a transparent plastic would "cover" or "hide" anything would seem rather finely drawn.

The remainder of the issues here posed was, we believe, adequately treated in our discussion of the issues in appeal No. 7171.

For the applicable reasons there assigned and those stated herein, we hold that the registration of "VYNAHYDE" as a trademark for plastic film and plastic film made into furniture slip covers is prohibited by Sections 2(a) and 2(e) (1) of the Trademark Act of 1946 and that such registration would damage appellant.

The decision of the Trademark Trial and Appeal Board is accordingly reversed.

Reversed.

WORLEY, Chief Judge (dissenting).

I see no error in the board's interpretation and application of the Lanham Act to the facts here. Accordingly, I would affirm.