54 CCPA

**W. D. BYRON & SONS, INC., Appellant,**

**v.**

**STEIN BROS. MFG. CO., Appellee.**

**Patent Appeal No. 7806.**

United States Court of Customs and Patent Appeals.
May 25, 1967.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Sidney A. Diamond, New York City, of counsel), for appellant.

Hill, Sherman, Meroni, Gross & Simpson, Charles F. Meroni, Charles F. Meroni, Jr., Chicago, Ill., for appellee.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

This is an appeal by opposer-petitioner Byron from the decision in favor of ap-plicant-respondent Stein by the Trade-mark Trial and Appeal Board in a con-solidated opposition and cancellation pro-ceeding involving the marks TUFIDE and SOFTONE TUFIDE for various types of business and carrying cases, e. g. brief cases. Byron opposes the applica-tion [1] of Stein to register SOFTONE TUFIDE and a design for such cases, the notation SOFTONE being disclaimed, and petitions to cancel the Stein registra-tion [2] granted under section 2(f) of the Trademark Act of 1946, 15 U.S.C. § 1052(f), for TUFIDE per se. Appellant Byron is engaged in the business of pro-ducing leather by tanning the hides of cattle and selling such leather for use in manufacturing, inter alia, business and carrying cases. Appellee Stein's cases are not made of genuine leather, but rath-er of plastic material, specifically *tough* polyvinyl chlor*ide* which, according to ap-pellee's brief, accounts for the origin of the term TUFIDE.

Appellant, on the other hand, contends that SOFTONE TUFIDE is the phonetic equivalent of "soft tone tough hide," terms suggestive of leather or hide. Ac-cording to appellant, such terms as TUF-IDE and SOFTONE TUFIDE, as ap-plied to appellee's plastic business and carrying cases which are not made of leather or hide, are deceptive and/or deceptively misdescriptive within the pur-view of sections 2(a) and 2(e) (1) of the 1946 Lanham Act, 15 U.S.C. § 1052(a), (e) (1). As in our companion case of Steinberg Brothers, Inc. v. New England Overall Co., Inc., 377 F.2d 1004, 54 CCPA ——, heard and decided concurrently here-with, appellant here heavily relies on two recent precedents of this court, R. Neu-mann & Co. v. Bon-Ton Auto Upholstery, Inc., 326 F.2d 799, 51 CCPA 934 (1964); and R. Neumann & Co. v. Overseas Ship-ments, Inc., 326 F.2d 786, 51 CCPA 946 (1964).

▆ As in the companion NUHIDE case, we do not consider the *Neumann*

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 141,899, filed April 9, 1962.

2. No. 508,691, issued April 19, 1949 on an application originally filed October 3, 1946.

cases to be controlling here, and we think the board acted properly in distinguishing those precedents, both of which involved *only* opposition proceedings, on the ground that the instant consolidated case is primarily a cancellation proceeding. Since SOFTONE per se is disclaimed, the application to register the composite mark SOFTONE TUFIDE is, in essence, an application to re-register Stein's previously registered trademark TUFIDE per se, and appellant's chances of success in the opposition proceeding will accordingly depend on its ability to prevail in its desired cancellation of the TUFIDE registration. As mentioned, we agree with the following rationale stated by the board, to the general effect that the petitioner in a cancellation proceeding bears a much heavier burden of proof than the opposer in an opposition proceeding:

It has often been stated that in a cancellation proceeding, as distinguished from an opposition or an ex parte proceeding, where long established and valuable rights may be involved, cancellation must be granted with due caution and only after a most careful consideration of all the facts and circumstances. [Citations omitted.] * * *

Among the "facts and circumstances" which the board found persuasive in denying the petition to cancel, for each of which findings there is substantial support in the record, are the following, as set forth in the opinion below:

In the instant case, Stein's [§ 2(f) TUFIDE] registration issued in 1949, more than sixteen years ago. There is, moreover, evidence of record that Stein has, since 1937, continuously used "TUFIDE" as a trademark for its products, with sales thereof over this period of time exceeding thirty eight and a half million dollars. Stein has, over the years, likewise extensively advertised and promoted "TUFIDE" as a trademark for "plastic" products at a cost in excess of nine hundred thousand dollars. There can be no question, on this record, but that Stein has acquired a substantial goodwill in the mark "TUFIDE" and that, by reason thereof, possesses a valuable property right and interest in said mark. Furthermore, as a result of Stein's extensive use and advertising for more than twenty-five years, it is our opinion that purchasers generally recognize the term "TUFIDE" for what it is, namely, an indication of origin for Stein's non-leather products and are not deceived or misled by said mark in purchasing Stein's goods on the belief that they are made of leather. It is interesting to note that, notwithstanding Stein's extensive and continuous use on a nationwide scale since 1937, Byron did not or, in fact, was unable to produce a single instance wherein a customer or prospective customer for business cases and like goods was misled by Stein's use of the mark "TUFIDE" into believing that the goods marketed thereunder were made of leather. * * * There is, however, uncontradicted evidence that in 1950–1952 the Federal Trade Commission requested and considered copies of Stein's advertising material relating to its products sold under the trademark "TUFIDE" but did not order the discontinuance of the use of said mark. * * *

■ Upon consideration of the evidence of record and arguments of counsel pertaining thereto, we are not persuaded that appellant has discharged the heavy burden of proof required of a cancellation petitioner. While we are still fully aware of the public interest in avoiding deceptive and deceptively misdescriptive trademarks, as expressed in the *Neumann* cases, supra, we are not at all convinced in the instant case that the public interest requires cancellation of appellee's valuable trademark registration for TUFIDE. And balancing the equities as between the parties before us, we think that the damage to Stein

**1004**

resulting from cancellation of its section 2(f) registration would be greater than any damage Byron could foreseeably suffer from the continued existence of such registration.

■ One further issue raised by Byron warrants some discussion here. Appellant argues that Stein originally obtained its TUFIDE registration fraudulently since it assertedly did not positively disclose that the goods in connection with which it used the registered mark were actually made of imitation leather, rather than genuine leather. We agree with the board that appellant has failed to discharge the heavy burden of proof required of one alleging fraud in the procurement of a Patent Office registration by an adverse party. As stated in the opinion below:

> Certainly, a fraudulent purpose or intent cannot be inferred merely from an assertion of exclusive rights in "TUFIDE" as a trademark. A perusal of the registration file, moreover, discloses that the specimens filed with the application prominently display the words "GENUINE PLASTIC TUFIDE" which clearly indicate to any interested party [including trademark examiners] the character of Stein's goods. Stein's advertising material has likewise consistently disclosed that "TUFIDE" products are made of a plastic material. We are unable to perceive any basis in fact for Byron's charge of fraud in these proceedings.

Having found no reversible error in the board decision denying appellant's petition to cancel appellee's section 2(f) TUFIDE registration and dismissing appellant's opposition to appellee's SOFTONE TUFIDE application for registration, we affirm the board decision.

Affirmed.

SMITH, J., concurs in the result.

WORLEY, C. J., did not participate.