THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:  June 30, 2010

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

Anosh Toufigh

v.

Persona Parfum, Inc.
_____

Cancellation No. 92048305
_____

Jay H. Geller of Jay H. Geller, P.C., for Anosh Toufigh.

Persona Parfum, Inc., pro se.
_____

Before Seeherman, Cataldo and Ritchie, Administrative Trademark Judges.

Opinion by Ritchie, Administrative Trademark Judge:

This is a cancellation proceeding in which Anosh Toufigh (petitioner) seeks to cancel Registration No. 2944750, owned by Persona Parfum, Inc. (respondent), for ECSTASY, for "parfum, eau de toilette, and cologne."[1]

The grounds for cancellation asserted in the petition are abandonment and fraud.  Petitioner has alleged that his

---

[1]  Registered on the Principal Register on April 26, 2005, with a Statement of Use filed June 3, 2004, alleging first use on November 15, 2002, and first use in commerce on March 3, 2004.

application, Serial No. 77220963, has been refused registration on the ground of likelihood of confusion in view of respondent's registration. (Pet. Para. 6). Petitioner asserts, upon information and belief, that respondent's mark has been abandoned. (Pet. Para. 4). Petitioner further avers: "Upon information and belief, Petitioner alleges that the registration was fraudulently obtained in that the Allegation of Use that was filed for the subject mark Registrant claimed that Registrant was making a bona fide use of the mark in commerce which, upon information and belief, Petitioner alleges was untrue and known to be untrue at the time the statement was filed. Upon information and belief, Petitioner alleges that Registrant has never made a bona fide use of the subject mark in commerce." (Para. 5).

Respondent filed an answer denying the salient allegations of the petition. Both parties filed briefs, and petitioner filed a reply brief.

The record in this case includes the pleadings and the file of the involved registration as well as the testimonial deposition of petitioner, Anosh Toufigh, dated March 25, 2009, together with exhibits thereto, and petitioner's notice of reliance, consisting of TESS printouts of third-party registrations. Respondent did not submit any evidence or testimony.

<u>Standing</u>

Petitioner testified that he applied to register the mark ECSTASY for "bath crystals, bath foams, bath powder, bath salts, bubble bath, and foam bath," as identified in Application Serial No. 77220963. (Toufigh depo. at 7). We note that petitioner alleged in the petition to cancel that his application was "refused registration based upon Registration No. 2944750." (Petition Para. 6). However, allegations alone do not establish standing. *See Lipton Industries, Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185, 188 (CCPA 1982) (facts alleged at the pleading stage must be proven at trial to establish standing). Here, petitioner did not submit a copy of the office action, nor did he testify about such refusal in his testimony. If he had, this would have been sufficient to establish his standing. As the Board stated in a recent precedential decision: "The filing of opposer's application and the Office's action taken in regard to that application provides opposer with a basis for pleading its standing." *Fiat Group Automobiles S.p.A. v. ISM, Inc.*, 94 USPQ2d 1111 (TTAB 2010), *citing Life Zone Inc. v. Middleman Group Inc.,* 87 USPQ2d 1953, 1959 (TTAB 2008).

We must therefore determine whether petitioner can establish his standing based solely on his testimony that he

filed an application for an identical mark for goods that are similar to those in the respondent's registration.

In *Lipton*, *supra,* 213 USPQ at 189, the Court discussed at some length what was necessary to establish standing:

> The starting point is the statute. Congress has defined the class in section 14 as "any person who *believes* he is or will be damaged by the registration." (Emphasis added.) In construing comparable language of section 13, this court stated in Federated Foods, Inc. v. Ft. Howard Paper Co., 544 F.2d 1098, 1101, 192 USPQ 24, 27 (CCPA 1976):
>
> A party has standing to oppose within the meaning of § 13 if that party can demonstrate a *real interest* in the proceeding. Universal Oil Products Co. v. Rexall Drug and Chemical Co., 59 CCPA 1120, 463 F.2d 1122, 174 USPQ 458 (1972).
>
> The same general statement is applicable to cancellation proceedings. The purpose in requiring standing is to prevent litigation where there is no real controversy between the parties, where a plaintiff, petitioner or opposer, is no more than an intermeddler.

The Court thus indicated that a party meets the statutory requirement of establishing "a reasonable belief of damage" (and thus establishing standing) by showing that it possesses a real interest in the proceeding. *Id.* In the present case, petitioner has shown that he has a real interest in the proceeding, i.e., is not an intermeddler, by the fact that he has filed an application to register the

4

trademark ECSTASY. "We regard the desire for a registration with its attendant statutory advantages as a legitimate commercial interest." *Id*. Further, we consider that petitioner has shown a reasonable basis for a belief that he is damaged by the registration sought to be cancelled by virtue of the fact that both parties' marks are identical, and their goods are at least arguably related.

As discussed above, prior cases have found standing to be established by the fact that the petitioner's application has been refused registration on the basis of the respondent's registration. *See cases discussed supra*. Nevertheless, evidence of such a refusal is not a requirement to establish standing. Rather, it is sufficient if the circumstances are such that it would be reasonable for a petitioner to believe that the existence of the respondent's registration would damage him, *e.g.*, a reasonable belief that there is a likelihood of confusion between the marks, or that the presence on the register of the respondent's mark may hinder the petitioner in using or registering his mark.

Accordingly, we find that petitioner here has shown that he has a reasonable belief of damage and a real interest in this proceeding. Therefore he is not a mere intermeddler, and he has established his standing. 15 U.S.C. §1064.

Abandonment

Section 14(3) of the Trademark Act, (15 U.S.C. §1064(3), lists, as one of the grounds for cancellation, abandonment, and Section 45 of the Act, 15 U.S.C. §1127, in pertinent part, defines "abandonment" of a mark as follows:

> When its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

There are two elements to an abandonment claim: non-use and an intent not to resume use. A plaintiff must show both of these elements unless it can show three years of nonuse, which prima facie establishes abandonment, in which case the burden shifts to the defendant to show either that it has used the mark, or that it has an intent to resume use. *See Cerveceria Centroamericana S.A. v. Cerveceria India Inc.,* 892 USPQ2d 1307, 1309 (Fed. Cir. 1989).

To show nonuse of the mark, petitioner submitted his own deposition testimony. Petitioner explained that he investigated to see whether respondent "markets a fragrance under the name 'ECSTASY.'" (Toufigh depo at 7-8). This effort basically involved three steps. First, petitioner went to respondent's website, www.personaparfum.com, where he found no evidence of a fragrance marketed under the name

6

Ecstasy. *Id.* at 8 (and Exs. 3, 4). Next, he called the corporate number listed on the website, but received no answer. *Id.* Finally, he did Google searches for "Ecstasy parfum" and "Ecstasy parfum persona parfum." *Id.* (and Exs. 5, 6, 11). This led to information about several fragrance names containing the word "Ecstasy." *Id.* Petitioner deduced that these are marketed by third parties. *Id.*, and Exs. 8, 9. 10; *see also Petitioner's Notice of Reliance.* Accordingly, petitioner concluded that there is nothing available on the Internet about any fragrance marketed or otherwise promoted or sold by respondent under the name or mark Ecstasy, and that therefore respondent has abandoned this mark with no intent to resume use.

Petitioner's brief further alleges respondent did not respond to petitioner's discovery requests, which included requests for production of documents and interrogatories, as set forth in petitioner's February 20, 2008 motion to compel. However, petitioner's motion to compel was denied as premature, and petitioner never renewed the motion. Neither has petitioner been able to point to any admissions by respondent, whether through discovery or otherwise, that would assist in making petitioner's *prima facie* case of nonuse for at least three consecutive years. Therefore, we can draw no conclusions from respondent's failure to respond to petitioner's discovery requests.

Petitioner points out that respondent has not submitted any evidence into the record. However, the burden does not shift to respondent unless petitioner has made a *prima facie* case of abandonment. In short, petitioner must first make his case by showing that petitioner has not used the ECSTASY mark on the identified goods for at least three consecutive years, as set forth in the statute, or by showing non-use with no intent to resume use. This, petitioner has not done.

In particular, petitioner has failed to show that respondent has not used the mark ECSTASY for its identified products for a period of at least three consecutive years. Petitioner did testify to having checked respondent's website "on more than one occasion." *Id.* at 8. However, there is no evidence that he checked over a period of at least three years. To the contrary, the exhibits he submitted show printouts spanning merely a few weeks. *Id.* Exs. 2 (dated March 23, 2009) and 3 (dated March 25, 2009). Furthermore, as petitioner notes, the copyright date on respondent's website as of the date of the printouts reads 2002, leaving open the possibility that respondent has simply not updated its website since 2002, which would explain why its ECSTASY fragrance (with the registration claiming a first use in commerce in 2004) is not listed thereon. Respondent's identification is not limited in its

channels of trade, and respondent need not market via the Internet if it chooses not to do so. Petitioner noted no other type of investigation into other possible sales channels beyond calling the listed number for respondent's corporate office, the relevance of which is questionable since clearly respondent must exist in some form, as is evident from respondent's appearance in this proceeding. As for petitioner's notice of reliance, the third-party registrations he submitted do not contain the term ECSTASY, and thus are not probative of the issue under consideration in this proceeding.

Finally, petitioner was asked by his counsel, "Have you ever been aware of a product in the marketplace, a fragrance product called – sold under the brand name 'Ecstasy' from Persona Parfum?" He responded, "No." *Id.* at 15. This testimony might have been telling, had petitioner been established as an expert in fragrances with vast knowledge of the fragrance marketplace. However, petitioner had earlier testified that his business is "cosmetics," and more specifically "hair-removing products and also the biocosmetic skin care products." *Id.* at 7.

In sum, we find that petitioner has not established a *prima facie* case that respondent has not used its mark for at least three consecutive years. Accordingly, it was not necessary for respondent to submit rebuttal testimony or

other evidence.  Petitioner has failed to establish his claim of abandonment, and the petition to cancel on this basis is dismissed.

## Fraud

The second ground for cancellation is fraud. Specifically, petitioner avers that respondent made an intentionally false statement during the prosecution of its application by stating, in its Statement of Use, that the mark was in use on the goods identified in the application.

The Court in *In re Bose Corp.*, 476 F.3d 1331, 91 USPQ2d 1938, 1939 (Fed. Cir. 2009), set out the relevant standard for proving fraud:

> Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application." *Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46, 48 [1 USPQ2d 1483] (Fed. Cir. 1986).  A party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof.  *W.D. Byron & Sons, Inc. v. Stein Bros. Mfg. Co.,* 377 F.2d 1001, 1004 [153 USPQ 749] (CCPA 1967).  Indeed, "the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party."  *Smith Int'l, Inc. v. Olin Corp.,* 209 USPQ 1033, 1044 (TTAB 1981).

Respondent executed and filed its Statement of Use on June 3, 2004, stating that the mark was in use in commerce

10

on the goods identified therein.  Petitioner has not submitted any evidence that shows respondent's mark was not in use on its goods on that date.  Since petitioner has failed to show that any statements made in respondent's Statement of Use declaration were false, let alone proving this to the hilt, petitioner's claim of fraud fails.[2]

Decision:  The petition to cancel is dismissed with respect to both the ground of abandonment and the ground of fraud.

---

[2] In addition, although the question of the sufficiency of petitioner's pleading of fraud was not raised, we note that it is not, under the *Bose* decision, a sufficient pleading.  *See Asian and Western Classics B.V. v. Selkow,* 92 USPQ2 1478 1479 (TTAB 2009).