THIS OPINION IS A
PRECEDENT OF THE TTAB

Hearing:                                      Mailed:  8/28/07
February 7, 2007

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**Trademark Trial and Appeal Board**

_____

Tri-Star Marketing, LLC
v.
Nino Franco Spumanti S.R.L.

_____

Cancellation No. 92043953

_____

J. Scott Gerien and Megan Healy of Dickenson, Peatman &
Fogarty for Tri-Star Marketing, LLC.

Martin P. Hoffman of Hoffman, Wasson & Gitler for Nino
Franco Spumanti S.R.L.

_____

Before Quinn, Rogers and Drost, Administrative Trademark
Judges.

Opinion by Quinn, Administrative Trademark Judge:

Tri-Star Marketing, LLC filed a petition to cancel a
registration owned by Nino Franco Spumanti S.R.L. of the
mark RUSTICO for "wines and sparkling wines"[1] in
International Class 33.  As grounds for cancellation
petitioner alleges, in an amended petition for cancellation,
that respondent committed fraud on the Office in first

---

[1] Registration No. 2282461, issued October 5, 1999 pursuant to
Section 2(f) of the Trademark Act; Section 8 affidavit filed and
accepted.  The registration indicates as follows:  "The English
translation of 'rustico' is 'rustic' or 'rural.'"

obtaining and then maintaining the involved registration. More specifically, petitioner asserts that respondent has only used the mark RUSTICO on "sparkling wine" and, thus, respondent's statement, both in the original underlying application and the Section 8 affidavit of continued use, that it was using the mark RUSTICO on "wines and sparkling wines" is false and fraudulent.

By way of background, the original petition for cancellation, filed December 1, 2004, was based on a claim of priority and likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). The Board erroneously instituted the proceeding, failing to note that the registration sought to be cancelled was over five years old and that, therefore, a likelihood of confusion claim was barred under Section 14 of the Trademark Act, 15 U.S.C. §1064. *See* TBMP §307.02 (2d ed. rev. 2004). Respondent filed an answer wherein it asserted, <u>inter alia</u>, that the claim of likelihood of confusion was untimely raised inasmuch as its registration had passed the five-year anniversary date. Shortly thereafter, petitioner filed a motion to amend its petition for cancellation, accompanied by a proposed amended pleading grounded on fraud. In support of the motion, petitioner stated that it conducted an investigation of respondent's use of the registered mark, and that based on the investigation, "it appears that

2

respondent has only ever used the mark in association with sparkling wine and not in association with still wine." The Board granted the motion to amend as conceded, and the case proceeded to trial solely on the issue of fraud.

Respondent, in its answer to the amended petition for cancellation, denied the salient allegations of fraud.

Before turning to the merits, evidentiary matters require our attention. Firstly, petitioner moved to strike certain portions of respondent's notice of reliance on the ground that respondent failed to indicate generally the relevance of certain materials being offered. The Board granted the motion to the extent that respondent was allowed an opportunity to file an amended notice of reliance that provided the general relevance of certain materials being offered. Respondent subsequently filed an amended notice of reliance in accordance with the Board's order. Accordingly, the notice of reliance is procedurally in compliance with Trademark Rule 2.122(e). Secondly, petitioner specifically objected to nine of the twelve items (Document Nos. 2, 3, 4, 5, 8, 9, 10, 11 and 12) listed in respondent's notice of reliance (see "Appendix to Petitioner's Main Brief"). Petitioner objected to six of the nine as not proper subject matter for introduction into the record by a notice of reliance. Petitioner also objected to several of the nine as hearsay, specifically that the documents were submitted

to prove the truth of the matter asserted, and/or on the ground that the evidence is irrelevant.

No. 2 is an excerpt of a third-party website retrieved from the Internet and, as such, is not proper subject matter of a notice of reliance.[2]

No. 3 is an excerpt from a wine atlas and is proper subject matter as a printed publication. Nos. 4 and 5 are articles from The New York Times and Chicago Tribune newspapers, respectively; these newspapers qualify as printed publications and, thus, this evidence is admissible by way of a notice of reliance. Trademark Rule 2.122(e).

No. 8 is a third-party's promotional literature and, thus, is not properly introduced by way of a notice of reliance.

No. 9 is a declaration of Nino Franco, one of respondent's officers, and No. 10 is an English translation thereof. Inasmuch as the parties did not enter into a written agreement to allow testimony by such means, Nos. 9 and 10 constitute improper testimony. Trademark Rule 2.123(b). This declaration, with related exhibits, has not

---

[2] Accompanying respondent's brief on the case is a declaration from counsel's secretary who retrieved this Internet evidence. The declaration obviously is untimely submitted, and has not been considered. Even if considered, it would not correct the procedural defect of respondent's reliance on improper subject matter. Further, while webpages may be submitted as exhibits to testimony, a declaration cannot be submitted in lieu of a testimony deposition absent a stipulation of the parties. Trademark Rule 2.123(b); and TBMP § 703.01(b) (2d ed. rev. 2004).

been considered.  TBMP §703.01(b) (2d ed. rev. 2004).

No. 11 is a certificate awarded to Nino Franco from the Italian government.  This document is not an official record, and is otherwise not authenticated.  Thus, the document is not proper subject matter for a notice of reliance.

No. 12 is a copy of "Disciplinary Rules" governing wine production in the geographical area where registrant produces its wine.  This document is not an official record, and is not properly submitted by way of a notice of reliance.  Thus, this evidence has not been considered.

As a result, the hearsay and relevancy objections are moot as to six of the nine items.  Further, we have not found it necessary to rely on any of the three remaining items in reaching our decision.  Therefore, we need not consider the hearsay and relevancy objections in regard to those items.

The record consists of the pleadings; a copy of the involved registration; trial testimony, with related exhibits, taken by petitioner; and the file wrapper of a pending application owned by petitioner, respondent's responses to certain of petitioner's requests for admissions, respondent's responses to certain of petitioner's requests for production of documents (indicating that respondent did not have any documents

relating to use of its mark in connection with "non-sparkling wine"),[3] and a copy of a dictionary definition of the word "and," all introduced by way of petitioner's notice of reliance. In view of the evidentiary rulings above, respondent's evidence consists of Document Nos. 1, 6, 7 (official records), and Nos. 3, 4, 5 (printed publications) properly made of record by way of respondent's notice of reliance. The parties filed briefs, and both parties were represented by counsel at an oral hearing held before the Board.

As a threshold matter, petitioner has standing to bring the petition for cancellation based on the fact that its application to register the mark VINO RUSTICO was refused registration by the Office under Section 2(d) based on a likelihood of confusion with respondent's previously registered mark. *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 1185, 189 (CCPA 1982).

We now turn to consider petitioner's claim of fraud. Fraud in procuring a registration occurs when an applicant knowingly makes false, material representations of fact in

---

[3] It is well settled that documents produced in response to document requests may not be made of record by notice of reliance, unless otherwise qualified for introduction by such a notice. *See* Trademark Rule 2.120(j)(3)(ii). The rule, however, does not prohibit introduction of a response to a request for production that states that no responsive documents exist. *See The Nasdaq Stock Market, Inc. v. Antartica, S.r.l.,* 69 USPQ2d 1718, 1722 n.6 (TTAB 2003).

connection with an application to register or, in the case of maintaining a registration, when a registrant makes false, material representations of fact in connection with an affidavit of continued use under Section 8.  *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 1 USPQ2d 1483, 1484 (Fed. Cir. 1986).  A party making a fraud claim is under a heavy burden because fraud must be proved to the hilt with clear and convincing evidence, leaving nothing to speculation, conjecture, or surmise.  Any doubt must be resolved against the party making the claim.  *Sinclair Oil Corp. v. Sumatra Kendrick*, ___USPQ2d___ (TTAB, Opp. No. 91152940, June 6, 2007).  Statements regarding the use of the mark on the identified goods and/or services are certainly material to issuance of a registration.  *Id.  See also*:  *Hachette Fillipacchi Presse v. Elle Belle, LLC*, ___USPQ2d___ (TTAB, Can. No. 92042991, April 9, 2007); *Hurley International LLC v. Volta*, 82 USPQ2d 1339 (TTAB 2007); *Standard Knitting, Ltd. v. Toyota Jidosha Kabushiki Kaisha*, 77 USPQ2d 1917 (TTAB 2006); *Medinol Ltd. v. Neuro Vasx, Inc.*, 67 USPQ2d 1205 (TTAB 2003); and *First International Services Corp. v. Chuckles*, 5 USPQ2d 1628 (TTAB 1988).

As set forth in Section 1402.01 of the <u>Trademark Manual of Examination Procedure</u> (4th ed. April 2005), "[t]he identification of goods or services must be specific,

definite, clear, accurate and concise." Section 1402.03

further states

> [a]pplicants frequently use broad terms
> to identify the goods or services in an
> application...The requirement of use or
> a bona fide intent to use is not
> necessarily violated by broad
> identifying terms. When a mark is used
> on a number of items that make up a
> homogeneous group, a term that
> identifies the group as a whole would be
> understood as encompassing products of
> the same general type that are
> commercially related. As long as a
> broad term identifies the goods or
> services that are intended to be covered
> with reasonable certainty, it will be
> reasonable, from a commercial viewpoint,
> to consider that the mark has been used
> for all the related goods or services
> that fall in the designated group...the
> appropriateness of any broad
> identification depends on the facts in a
> particular case. The examining attorney
> should permit applicants to adopt terms
> that are as broad as the circumstances
> justify.

See In re Omega SA, \_\_\_F.3d\_\_\_, 83 USPQ2d 1541 (Fed. Cir.

2007) ["The PTO has discretion to determine whether and how

a trademark registration should include a more

particularized statement of the goods for which the mark is

[to] be used..."]. The U.S. Acceptable Identification of

Goods and Services Manual sets forth both "wine" and

"sparkling wine" as acceptable identifications. The

examining attorney accepted the identification of goods as

filed by respondent in its underlying application for

registration.

As noted above, the involved registration includes an identification of goods that reads "wines and sparkling wines." Petitioner's theory of the case is that respondent has never used its mark on "wines," and that the only use by respondent is on "sparkling wines." The record includes facts on the differences between still wine and sparkling wine. Respondent is a producer of Prosecco wine, a sparkling wine. As established by respondent's responses to interrogatories and its admissions in response to requests for admissions, respondent has never sold "non-sparkling wine" in the United States or in commerce with the United States.

The essence of this case is a rule of construction regarding an identification of goods in an application or registration. Respondent, in its underlying application, alleged use on "wines and sparkling wines." Given that respondent is making and selling sparkling wine, and sparkling wine is clearly a specific type of wine, respondent could obtain and/or maintain a registration for "wines" and "sparkling wines" on the same record. A bottle label submitted as a specimen showing use of the mark on "sparkling wine" would also support a registration covering "wine." Further, respondent could have filed two applications to register its mark, one covering "wines" and the other covering "sparkling wines," with each application

9

supported by the same label from a bottle of respondent's sparkling wine.

As long as the general product terminology encompasses the specific product terminology in an identification of goods, and there is use on the specific product, there can be no fraud; that is, there is nothing fraudulent in providing an identification of goods that includes both a broad product term and a specific product term so long as the applicant/registrant is using its mark on the specific product, and the specific product is encompassed within the broad product term (assuming that the broad product term is sufficiently definite for purposes of registration). In the present case, inasmuch as respondent could have legitimately obtained a registration covering the identification of goods reading "wines" (even though it was using the mark on only "sparkling wines"), respondent has not obtained any rights to which it was not entitled.

The converse situation, however, is not true; that is, if respondent were only using its mark on "wines" other than "sparkling wines," then, of course, "sparkling wines" must not appear in the identification of goods. The present case involves the reverse fact situation than that which the Federal Circuit faced in *Torres v. Cantine Torresella S.r.l.*, 1 USPQ2d at 1485. In that case, respondent was found to have committed fraud, in pertinent part, in the

10

filing of its Section 9 affidavit when it averred that the registered mark was still in use in interstate commerce for each of the goods in the registration, namely wine, vermouth and champagne, when, in fact, respondent knew the mark was no longer in use on vermouth and champagne. There was no use on the specific products vermouth and champagne, and inasmuch as respondent knew that the mark was no longer in use on such goods, respondent should not have included these items in the Section 9 affidavit. Here, there is use of the registered mark in connection with the specific product, namely "sparkling wines," which is also included in the more general designation "wines."

This is not a case in which the trademark was used on less than all of the goods. *Cf. J.E.M. International, Inc. v. Happy Rompers Creation Corp.*, 74 USPQ2d 1526 (TTAB 2005); and *Medinol v. Neuro Vasx, Inc.*, 67 USPQ2d at 1209. While respondent's identification of goods "wines and sparkling wines" may be redundant or inartfully worded in view of respondent's actual use, this identification is not fraudulent. In saying this, we are mindful, of course, of the dictionary definition of the word "and" that appears in respondent's identification of goods. The word "and" is defined, in relevant part, as "together with or along with; also; in addition; as well as; added to; plus." The American Heritage Dictionary of the English Language (1978).

11

Nevertheless, we find that respondent's statement in its application and Section 8 affidavit that it was using the mark on "wines and sparkling wines," when it was using the mark only on sparkling wines, to be a truthful statement. Thus, petitioner has failed to prove an essential element of the ground of fraud, namely that the statement is not true. Although it would have been more succinct had respondent identified its goods as either "wines" or "sparkling wines," the listing of both terms was not fraudulent.

**Decision:** The petition for cancellation is denied.