THIS DISPOSITION
IS A PRECEDENT
OF THE T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Lykos                             Mailed:  September 29, 2008

                                  Cancellation No. 92047294

                                  Media Online Inc.

                                         v.

                                  El Clasificado, Inc.

Before Rogers, Cataldo and Bergsman, Administrative
Trademark Judges.

By the Board:

    On March 21, 2007, petitioner filed a petition to
cancel respondent's registration for the mark EL CLASIFICADO
ONLINE for "placing advertisements of others on a website
via a global computer network" in International Class 35.[1]
Petitioner seeks to cancel respondent's registration on the
ground that respondent's mark so resembles petitioner's
previously used CLASIFICADOSONLINE.COM and CLASIFICADOS
ONLINE marks for various Internet advertising and other
related services that it is likely to cause confusion,

---

[1] Registration No. 2779820, filed November 4, 1999 and issued on
November 4, 2003, alleging May 20, 2003 as the date of first use
anywhere and in commerce.  The registration contains the
statement that the words "EL CLASIFICADO" translate in English to
"THE CLASSIFIEDS" as well as a disclaimer of the word ONLINE.

mistake, or deception of prospective consumers under Section 2(d) of the Lanham Act.[2]  In the petition to cancel, petitioner asserts priority based on a date of first use of November 27, 1999.  The allegations set forth in the petition to cancel are verified by Jose Martinez, Vice-President of petitioner.[3]

In its answer respondent denied the salient allegations of the petition, and asserted various affirmative defenses.

This case now comes before the Board for consideration of (1) respondent's motion for judgment on the pleadings on petitioner's claim of priority (filed September 24, 2007); and (2) petitioner's cross-motion to amend its pleading to add claims of descriptiveness and fraud (filed October 24, 2007).  The motions are fully briefed.

I.  **Petitioner's Cross-Motion to Amend its Pleading**

First, we will consider petitioner's cross-motion to amend its pleading to add claims of descriptiveness and fraud.  Concurrently therewith, petitioner has submitted an

---

[2] In the petition to cancel, not all averments were made in numbered paragraphs as required by Fed. R. Civ. P. 10(b). Nonetheless, respondent formulated an answer in numbered paragraphs to correspond to the allegations contained in the petition to cancel.

[3] Trademark Rule 2.111(b) provides that a petition for cancellation need not be verified but must be signed by either the petitioner or petitioner's attorney.

amended pleading.  The relevant excerpts from the newly

asserted claims are as follows:

> Paragraph No. 13:  Registration No. 2779820,
> sought to be cancelled, is for the trademark
> "El Clasificado Online".  This service mark
> is translated in English to "the Classified".
> A classified is "an advertisement grouped
> with others according to subject", according
> to the Merriam-Webster Online Dictionary.  As
> such, this trademark application was refused
> registration on descriptiveness grounds on
> April 19, 2000, because it clearly identified
> a characteristic of the services provided
> under the same. . . In addition, Registration
> No. 2779820, sought to be cancelled, is,
> according to its Certificate of Registration,
> used for the same services as "Clasificados
> Online" and www.clasificadosonline.com.
> Nevertheless, when
> www.elclasificadoonline.com is accessed
> through the Internet, anyone can see that it
> does not offer the services its Certificate
> states.  . . . As such, fraud was committed
> as to the services offered by Registrant in
> its application for registration.

For the reasons explained below, petitioner's motion

for leave to amend is denied.

Under Fed. R. Civ. P. 15(a), leave to amend pleadings

shall be freely given when justice so requires.  Consistent

therewith, the Board liberally grants leave to amend

pleadings at any stage of the proceeding when justice

requires, unless entry of the proposed amendment would

violate settled law or be prejudicial to the rights of the

adverse party or parties.  *See, for example, Commodore*

*Electronics Ltd. v. CBM Kabushiki Kaisha*, 26 USPQ2d 1503

(TTAB 1993); *and United States Olympic Committee v. O-M Bread Inc.,* 26 USPQ2d 1221 (TTAB 1993).

The timing of the motion for leave to amend is a major factor in determining whether respondent would be prejudiced by allowance of the proposed amendment. *See* TBMP § 507.02 (2d ed. rev. 2004) and cases cited therein. A motion for leave to amend should be filed as soon as any ground for such amendment, e.g., newly discovered evidence, becomes apparent. A long delay in filing a motion for leave to amend may render the amendment untimely. *See International Finance Company v. Bravo Co.,* 64 USPQ2d 1597, 1604 (TTAB 2002). Any party who delays filing a motion for leave to amend its pleading and, in so delaying, causes prejudice to its adversary, is acting contrary to the spirit of Rule 15(a) and risks denial of that motion. *See* Wright, Miller and Kane, *Federal Practice and Procedure*: *Civil 2d*, Section 1488 (1990); Chapman, Tips from the TTAB: Amending Pleadings: The Right Stuff, 81 Trademark Reporter 302, 307 (1991).

In this instance, we find that petitioner unduly delayed in filing its motion. The new claims appear to be based on facts within petitioner's knowledge at the time the petition to cancel was filed. *See Trek Bicycle Corporation*

*v. StyleTrek Limited,* 64 USPQ2d 1540 (TTAB 2001) ("*Trek Bicycle*") (motion for leave to amend filed prior to close of discovery but based on facts known to opposer prior to institution of the case denied due to unexplained delay). Indeed, in support of its descriptiveness and fraud claims, petitioner appears to have consulted dictionary definitions and accessed respondent's web site, actions which could quite easily have been undertaken prior to filing of the petition to cancel, or by any prompt investigation conducted immediately thereafter. Petitioner waited over seven months, however, and until after respondent's motion for judgment before filing the motion for leave to amend its pleading to add the two additional claims. The only explanation petitioner offers for its delay is that the parties were engaged in settlement discussions, and that it was surprised by respondent's reliance on the "affirmative defense" of priority not pleaded in its answer but purportedly raised as an issue for the first time in this case in respondent's motion for judgment on the pleadings. However, the parties never filed a stipulation or consented motion to suspend proceedings to allow for additional time to pursue settlement talks. Thus, petitioner could not reasonably have concluded that it need not concurrently

shoulder its responsibility for moving the case forward and for preparing all possible claims for trial.

Contrary to petitioner's contention, it cannot claim to be unfairly surprised by the motion for judgment on the pleadings, so that amendment of the pleadings would then be appropriate. Priority is an issue in the case simply by virtue of petitioner's pleading of its Section 2(d) claim. As discussed more fully below, in this particular case, respondent relies solely on the filing date of its application in moving for judgment on the pleadings. It therefore logically follows that there can be no unfair surprise to petitioner with regard to respondent's motion for judgment on the issue of priority, as respondent's ability to rely on its filing date is settled law and the date itself is apparent from the face of respondent's registration.

The Board also finds that respondent would suffer prejudice if petitioner is permitted to add the claims at this juncture. In this particular instance, petitioner did not claim that it learned of these newly asserted claims through discovery or was otherwise unable to learn about these new claims prior to or shortly after filing its first complaint. Petitioner therefore had ample time to file a

motion for leave to amend its pleading at an earlier stage in the proceeding.  It is incumbent upon petitioner to identify all claims promptly in order to provide respondent with proper notice.  Otherwise, allowing piecemeal prosecution of this case would unfairly prejudice respondent by increasing the time, effort, and money that respondent would be required to expend to defend against petitioner's challenge to its registration.

Accordingly, we find that based on the record before us, petitioner unduly delayed seeking to add its descriptiveness and fraud claims, and has no basis for claiming unfair surprise because respondent now seeks judgment on the original claim.

Lastly, we note that petitioner's proposed fraud claim, as pleaded, is futile.  Fraud in procuring or maintaining a trademark registration occurs when an applicant for registration or a registrant in a declaration of use or renewal application knowingly makes false, material representations of fact in connection with an application to register or in a post-registration filing.  *See Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46, 1 USPQ2d 1483 (Fed. Cir. 1986); *Standard Knitting, Ltd. v. Toyota Jidosha*

*Kabushiki Kaisha,* 77 USPQ2d 1917 (TTAB 2006); *Medinol Ltd. v. Neuro Vasx Inc.,* 67 USPQ2d 1205 (TTAB 2003).

In addition, pursuant to Trademark Rule 2.116(a), the sufficiency of petitioner's pleading of its fraud claim in this case also is governed by Fed. R. Civ. P. 9(b), which provides as follows:

> (b) **Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

We find that petitioner has failed to state a claim for fraud because it has failed to plead particular facts sufficient to establish that respondent knowingly made false statements.  As a threshold matter, petitioner's proposed pleading is devoid of any allegations with regard to respondent's scienter.  Petitioner's proposed pleading also fails to set forth with particularity the allegedly false statement or statements that purportedly induced the Office to allow registration of respondent's EL CLASIFICADO ONLINE mark.  The allegation that respondent currently does not offer the services identified in its registration is insufficient because it lacks details regarding which statement(s) made by respondent before the Office were

purportedly false at the time respondent filed its application.

Accordingly, petitioner's motion for leave to amend its complaint is denied.

## II.  **Respondent's Motion for Judgment on the Pleadings**

Respondent has moved for judgment on the pleadings on the issue of priority.[4]  For the reasons set forth below, respondent's motion is granted.  A motion for judgment on the pleadings is a test solely of the undisputed facts appearing in all the pleadings, supplemented by any facts of which the Board may take judicial notice.  For purposes of the motion, all well-pleaded factual allegations of the non-moving party must be accepted as true, while those allegations of the moving party which have been denied (or which are taken as denied, pursuant to Fed. R. Civ. P. 8(b)(6), because no responsive pleading thereto is required or permitted) are deemed false.  Conclusions of law are not taken as admitted.  *Baroid Drilling Fluids Inc. v. SunDrilling Products,* 24 USPQ2d 1048 (TTAB 1992).  All reasonable inferences from the pleadings are drawn in favor

---

[4] Petitioner's motion (filed October 3, 2007) to extend its time to file a responsive brief to respondent's motion for judgment on the pleadings is granted for good cause shown.  *See* Fed. R. Civ. P. 6(b).

of the nonmoving party. *Id.* A judgment on the pleadings may be granted only where, on the facts as deemed admitted, there is no genuine issue of material fact to be resolved, and the moving party is entitled to judgment on the substantive merits of the controversy, as a matter of law. *Id.*

Based on the pleadings in this case, petitioner cannot prevail on its claim of priority as a matter of law. In its verified petition to cancel attesting to the truthfulness of the factual allegations made therein, petitioner alleges that its pleaded CLASIFICADOSONLINE.COM and CLASIFICADOS ONLINE marks were first used in commerce on November 27, 1999. While the Trademark Rules of Practice do not require verification of the allegations made in a petition to cancel, petitioner chose in this case to verify its claim of first use as of this date.

It is undisputed that respondent filed the application that matured into the registration at issue in this case on November 4, 1999, prior to petitioner's verified date of first use. The Lanham Act provides that respondent may rely on this filing date as its constructive date of first use. 15 U.S.C. Section 1057(c); *see e.g., Salacuse v. Ginger Spirits Inc.,* 44 USPQ2d 1415 (TTAB 1997) (petitioner may

rely on the filing date of his applications as his constructive date of first use).  As explained by the Board in *Zirco Corp. v. American Telephone and Telegraph Co.*, 21 USPQ2d 1542, 1543-44 (TTAB 1991):

> Section 7(c) was added to the Lanham Act by the Trademark Law Revision Act of 1988 in order to provide constructive use, dating from the filing date of an application for registration on the principal register, for a mark registered on that register.  As a review of the legislative history shows, the provision is intended to fix a registrant's nationwide priority rights in its mark from the filing date of its application whether the application is based on use or intent-to-use.  This right of priority is to have legal effect comparable to the earliest use of a mark at common law.

Thus, based on respondent's constructive date of first use, respondent has priority.

Petitioner's argument that respondent is precluded from moving for judgment on the pleadings because it failed to assert prior use as an affirmative defense is, as noted earlier, misplaced.  There can be no unfair surprise to petitioner merely because respondent did not allege priority of use as an affirmative defense.  Priority is a required element of petitioner's Section 2(d) claim.  *See* 15 U.S.C. § 1052(d).  Respondent is relying on nothing more than the filing date of the application that resulted in its registration, a date readily apparent to petitioner from the

commencement of the proceeding, indeed, even from the time respondent's registration was cited against petitioner's pending applications by the examining attorney. Insofar as petitioner lacks priority as a matter of law, petitioner cannot carry its burden of proof in this case.

In view of the foregoing, respondent's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted. Judgment is hereby entered in favor of respondent and the petition to cancel is denied.[5]

---

[5] In light of our determination, petitioner's combined motion to compel, deem its requests for admission as admitted, and extend the discovery and testimony periods in this case (filed October 3, 2007) is rendered moot.