Mailed:  May 13, 2009

Opposition No. **91177858**

Zanella Ltd.

v.

Nordstrom, Inc.

By the Board:

On October 23, 2008, the Board entered an order in this case that, inter alia, denied applicant's motion for summary judgment on its counterclaim for cancellation with respect to Registration Nos. 1519894, 1990695, 1992385, and 2453062. That order was designated as non-precedential.  On further consideration, we have decided to re-designate the October 23, 2008 order as a precedent of the Board.

Attached is a copy of the October 23, 2008 order, marked with the indication "THIS DECISION IS A PRECEDENT OF THE T.T.A.B."

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Goodman

THIS DECISION IS
A PRECEDENT OF
THE T.T.A.B.

Mailed:  October 23, 2008
Designated as a Precedent of TTAB: May 13, 2009

Opposition No. **91177858**

Zanella Ltd.

v.

Nordstrom, Inc.

Before Hohein, Zervas and Bergsman, Administrative Trademark Judges

By the Board:

This case now comes up on the following motions:

1) applicant's motion to amend its answer to add a counterclaim, filed January 15, 2008; and

2) applicant's motion for summary judgment, filed January 15, 2008.

We turn first to applicant's motion to amend.

Consistent with Fed. R. Civ. P. 15(a), the Board liberally grants leave to amend pleadings at any stage of the proceeding when justice requires, unless entry of the proposed amendment would violate settled law or be prejudicial to the rights of the adverse party.  *See Commodore Electronics Ltd. v. CBM Kabushiki Kaisha*, 26

USPQ2d 1503 (TTAB 1993). Trademark Rule 2.106(b)(2)(i) governs counterclaims for cancellation of pleaded registrations in Board opposition proceedings. Such claims must be pleaded promptly after the grounds are learned if not known at the time the answer is filed. *See* TBMP § 313.04 (2d ed. rev. 2004) and cases cited therein. Additionally, Fed. R. Civ. P. 13(f) addresses counterclaims and allows a party to move for leave to assert a counterclaim if the counterclaim was originally omitted "through oversight, inadvertence, or excusable neglect, or when justice requires." In deciding whether to grant leave to add an omitted counterclaim under Rule 13(f), the same standards governing Rule 15(a), as set forth above, apply. *See e.g., See's Candy Shops Inc. v. Campbell Soup Co*. (12 USPQ2d 1395, 1396 (TTAB 1989) (reading Rule 13(f) in conjunction with Rule 15(a)).

Applicant's proposed counterclaim of fraud has been sufficiently pleaded, and entry thereof would not violate settled law. Moreover, we find the claim to have been promptly made, inasmuch as it is based on information applicant obtained from discovery on November 21, 2007 in conjunction with the information received on December 28, 2007 when applicant obtained file histories for opposer's pleaded registrations after it had filed its answer. The Board finds no prejudice to opposer in allowing the

amendment as three and a half months remain with respect to the discovery period.  See TBMP § 507.02.

Accordingly, applicant's motion for leave to amend its answer to add a counterclaim of fraud is granted.

We now turn to the motion for summary judgment based on applicant's counterclaim of fraud with respect to opposer's five pleaded registrations.

A party is entitled to summary judgment when it has demonstrated that there are no genuine issues as to any material facts, and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The evidence must be viewed in a light favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor.  *Lloyd's Food Products Inc. v. Eli's Inc.,* 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993).

Fraud in procuring a trademark registration occurs when an applicant for registration knowingly makes false, material representations of fact in connection with an application to register or, in the case of maintaining a registration, when a registrant makes false, material representations of fact in connection with an affidavit of continued use under Section 8.  *Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46, 1 USPQ2d 1483, 1484 (Fed. Cir. 1986).  A party making a fraud claim is under a heavy burden of proof because fraud must be shown by clear and

convincing evidence, leaving nothing to speculation, conjecture, or surmise.  Any doubt must be resolved against the party making the claim.  *Smith International, Inc. v. Olin Corp.*, 209 USPQ (TTAB 1981).

<u>Registration No. 1527003[1]</u>

With respect to opposer's pleaded registration for the

# Zanella

mark                                   for "men's wearing apparel, namely raincoats, mantels, jackets, shirts, blouses, waistcoats, trousers, pants, socks, stockings, ties, scarves, hats, swimwear, vests and underwear" in International Class 25, there is no dispute and hence no genuine issue of material fact that opposer has not used and was not using the mark in connection with "mantles, blouses, waistcoats, socks, stockings, ties, scarves, hats, swimwear or underwear" at the time of filing the application and at the time opposer filed a combined affidavit of continued use under Sections 8 and 15 of the Trademark Act.  Statements regarding the use of the mark on the identified goods are material to issuance of a

---

[1] Formerly, application Serial No. 73662076.  The registration issued on February 28, 1989, with a combined Section 8 and Section 15 affidavit respectively accepted and acknowledged on October 26, 1995.

registration. *Herbaceuticals Inc. v. Xel Herbaceuticals Inc.*, 86 USPQ2d 1572, 1576 (TTAB 2008).

There is also no dispute and thus no genuine issue of material fact that opposer knew or should have known that it was not using the mark in connection with "mantles, blouses, waistcoats, socks, stockings, ties, scarves, hats, swimwear or underwear." *See Standard Knitting Ltd. v. Toyota Jidosha Kabushiki Kaisha*, 77 USPQ2d 1917, 1928 (TTAB 2006) ("opposer is charged with knowing what it is signing" and failing to make an appropriate inquiry is a "'reckless disregard for the truth'").

Accordingly, there is no question that the registration would not have issued nor the combined Sections 8 and 15 affidavit been respectively accepted and acknowledged but for the material misrepresentation, since the USPTO will not issue a registration or maintain a registration covering goods upon which the mark has not been used. *Medinol Ltd. v. Neuro Vasx Inc.*, 67 USPQ2d 1205, 1208 (TTAB 2003).

In view thereof, we find that opposer's false material misrepresentations made in connection with its application and in connection with the combined Sections 8 and 15 affidavit were fraudulent with respect to Registration No. 1527003.

Applicant's motion for summary judgment is therefore granted with respect to Registration No. 1527003. The

Opposition No. 91177858

counterclaim to cancel Registration No. 1527003 is granted and Registration No. 1527003 will be cancelled in due course.

Registration Nos. 1519894, 1990695, 1992385, and 2453062

With respect to these pleaded registrations, the following facts are not in dispute:

Registration No. 1519894[2] (formerly application Serial No. 73662018) for the mark ZANELLA, in standard character form, was filed under Section 1(a) based on an allegation of use on the following International Class 25 goods: "men's wearing apparel, namely raincoats, mantels, jackets, shirts, blouses, waistcoats, trousers, pants, socks, stockings, ties, scarves, hats, swimwear, vests and underwear." On August 31, 1995, after its mark registered, opposer filed an amended combined Sections 8 and 15 affidavit of continued use alleging use on all the goods stated in the registration. Opposer admits that it has never used the mark in connection with "men's socks, stockings, ties, scarves, hats, swimwear, vests and underwear." On November 14, 2003, opposer filed a Section 7 request to amend its registration to delete the goods on which it had never used the mark. As amended, the identification of goods is as

---

[2] Issued on January 10, 1989; combined Section 8 and Section 15 affidavit respectively accepted and acknowledged on October 26, 1995; Section 7 amendment filed on November 14, 2003 and entered on January 2, 2004.

6

follows:  "men's wearing apparel, namely raincoats, jackets, shirts, trousers, pants, vests."

Registration No. 1990695[3] (formerly application Serial No. 74548674), for the mark ZANELLA in standard character form and Registration No. 1992385[4] (formerly application Serial No. 74548675) for the mark

# Zanella

were both filed under Section 1(a) alleging use of the marks on "women's clothing, namely shorts, skirts, dresses, blouses, pants, jackets, coats, vests, scarves, hats, swimwear, raincoats, socks and underwear" in International Class 25.  Opposer admits that it has never used the marks on "scarves, hats, swimwear, socks and underwear."  On September 7, 2001, opposer filed combined Sections 8 and 15 affidavits of continued use for both of the registrations, deleting the goods on which it had not used the marks.  As corrected, the identification of goods for both registrations is as

---

[3] Issued on August 6, 1996; combined Section 8 and Section 15 affidavit respectively accepted and acknowledged on September 27, 2001; Section 8 affidavit accepted and Section 9 renewal granted on July 22, 2006.
[4] Issued on August 13, 1996; combined Section 8 and Section 15 affidavit respectively accepted and acknowledged on October 5,

follows:  "women's clothing, namely shorts, skirts, dresses, blouses, pants, jackets, coats, vests, raincoats."[5]

Registration No. 2453062[6] (formerly application Serial



No. 76021021) for the mark                              was filed under Section 1(a) alleging use in connection with "women's and men's clothing, namely, shorts, skirts, blouses, pants, jackets, coats, vests, scarves, hats, swimwear, raincoats, socks, underwear, mantels, shirts, waistcoats, trousers, stockings and ties" in International Class 25.  Opposer admits that it has never used the mark in connection with "scarves, hats, swimwear, socks, underwear, mantles, waistcoats, stockings and ties."  On December 6, 2006, opposer filed a combined Sections 8 and 15 affidavit for this registration and deleted the goods on which it was not using its mark.  The identification of

---

2001; Section 8 affidavit accepted and Section 9 renewal granted on July 22, 2006.
[5] It is noted that the Office's TARR database does not reflect opposer's deletion of "scarves, hats, swimwear, socks and underwear" with respect to Registration No. 1990695.

goods now reads as follows: "women's and men's clothing, namely, shorts, skirts, blouses, pants, jackets, coats, vests, raincoats, shirts, trousers."[7]

Opposer argues that the registrations as maintained are not fraudulent because they "were corrected prior to Applicant's use of its mark and prior to this proceeding" and the corrections to its previous statements were made voluntarily. Opposer also submits that at a minimum, this action raises a genuine issue of material fact as to opposer's fraudulent intent.

In response, applicant submits that opposer has "demonstrated a history of false claims and delays in correcting [the registrations] spanning a number of years" and "did not attempt to correct its registrations until the 'occasion arose.'" Applicant asserts that such conduct "evidences at least the same reckless disregard for the truth" that supports "a finding of fraud."

We find that opposer's timely proactive corrective action with respect to these registrations raises a genuine issue of material fact regarding whether opposer had the intent to commit fraud. In particular, opposer's

_____

[6] Issued May 22, 2001; Section 8 and Section 15 filed December 6, 2006; Section 8 accepted and Section 15 acknowledged February 12, 2007.
[7] Likewise, it is noted that the Office's TARR database does not reflect opposer's deletion of "scarves, hats, swimwear, socks,

action in correcting any false statements prior to any actual or threatened challenge to the registrations creates a rebuttable presumption that opposer did not intend to deceive the Office.  *See University Games Corp. v. 20Q.net Inc.*, 87 USPQ2d 1465, 1468 (TTAB 2008).  In this case, we find that applicant's evidence submitted in support of the motion for summary judgment, namely, opposer's discovery responses and the file histories of the registrations, fails to rebut the presumption of no intent to commit fraud on the Office.  Accordingly, we find a genuine issue of material fact remains with respect to whether opposer had the intent to commit fraud on the USPTO with respect to these registrations.

In view thereof, applicant's motion for summary judgment is denied with respect to Registration Nos. 1519894, 1990695, 1992385, and 2453062.

Proceedings herein are resumed.

Opposer is allowed until THIRTY DAYS from the mailing date of this order to file an answer to the counterclaim.

Discovery and trial dates are reset as follows:

| | |
|---|---|
| THE PERIOD FOR DISCOVERY TO CLOSE: | February 3, 2009 |
| 30-day testimony period for plaintiff in the opposition to close: | May 4, 2009 |
| 30-day testimony period for defendant in the opposition and as plaintiff in the counterclaim to close: | July 3, 2009 |

---

underwear, mantles, waistcoats, stockings and ties" with respect to Registration No. 2453062.

| | |
|---|---|
| 30-day testimony period for defendant<br>In the counterclaim and its rebuttal testimony<br>As plaintiff in the opposition to close: | September 1, 2009 |
| 15-day rebuttal testimony period for plaintiff<br>In the counterclaim to close: | October 16, 2009 |
| Briefs shall be due as follows:<br>[See Trademark rule 2.128(a)(2)]. | |
| Brief for plaintiff in the opposition shall be due: | December 15, 2009 |
| Brief for defendant in the opposition and as<br>plaintiff in the counterclaim shall be due: | January 14, 2010 |
| Brief for defendant in the counterclaim and its reply<br>brief (if any) as plaintiff in the opposition<br>shall be due: | February 13, 2010 |
| Reply brief (if any) for plaintiff in the<br>counterclaim shall be due: | February 28, 2010 |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.