THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500

EJW

Mailed: September 20, 2017

Opposition No. 91219477 (parent)
Opposition No. 91219478

*Barclays Capital Inc.*

*v.*

*Tiger Lily Ventures Ltd*

and

Opposition No. 91219549

*Tiger Lily Ventures Ltd.*

*v.*

*Barclays Capital Inc.*

**ELIZABETH J. WINTER, INTERLOCUTORY ATTORNEY:**

These consolidated cases now come up for consideration of the fully-briefed motion filed April 5, 2017, by Tiger Lily Ventures Ltd. (hereafter "Tiger Lily") to strike certain declarations and evidence filed by Barclays Capital Inc. (hereafter "Barclays") during its main testimony period as plaintiff in Opposition Nos. 91219477 and 91219478.[1]

---

[1] Barclays' testimony period closed on March 22, 2017 (76 TTABVUE) and these proceedings were suspended on April 6, 2017, to consider the motion. Barclays obtained an extension of

The Board has considered the parties' briefs on the contested motion, but for the sake of efficiency does not repeat or discuss all of the arguments or submissions, and does not address irrelevant arguments. *Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015). Furthermore, the Board presumes the parties' familiarity with the arguments made in connection with the subject motion and the evidence at issue.

## Background

Tiger Lily seeks to register the mark LEHMAN BROTHERS in standard characters for "Bar services; Restaurant services"[2]; and for "Spirits" and "Beer"[3]. Barclays seeks to register LEHMAN BROTHERS in standard characters for securities brokerage and various investment and financial services[4]. In its notices of opposition, Barclays asserts it is the owner by assignment of the LEHMAN and

---

time to file its response to the motion to strike and Tiger Lily's reply brief was timely filed on May 22, 2017.

[2] Application Serial No. 86298069, filed on June 2, 2014, claiming a *bona fide* intent to use the mark under Trademark Act § 1(b), 15 U.S.C. § 1051(b); "BROTHERS" disclaimed; the subject of Opposition No. 91219477.

[3] Application Serial No. 85868892, filed on March 6, 2013, claiming a *bona fide* intent to use the mark under Trademark Act § 1(b), 15 U.S.C. § 1051(b); "BROTHERS" disclaimed; the subject of Opposition No. 91219478.

[4] Application Serial No. 86081143, filed October 2, 2013, for "Securities brokerage services; investment consulting services; investment banking services; merchant banking services; financial and investment management services; financial planning and investment advisory services; financial research services; administration and valuation of financial investments; financial sponsorship of sporting, charitable and educational events; providing consultancy, information and advisory services relating to all the foregoing;" claiming a *bona fide* intent to use the mark under Trademark Act § 1(b), 15 U.S.C. § 1051(b); claiming acquired distinctiveness under Section 2(f) of the Trademark Act; the subject of Opposition No. 91219549.

LEHMAN BROTHERS marks; that such marks are famous; that confusion is likely between Barclays' previously used marks and Tiger Lily's mark; that registration of Tiger Lily's mark will dilute the distinctive quality of Barclays' marks; that Tiger Lily's mark falsely suggests a connection between Tiger Lily and Barclays (and/or Lehman Brothers, the predecessor-in-interest of Barclays); and that at the time Tiger Lily filed its applications, it did not have a *bona fide* intent to use the mark in commerce. In Tiger Lily's notice of opposition in Opposition No. 91219549, Tiger Lily alleges that Barclays did not have a *bona fide* intent to use the LEHMAN BROTHERS mark in commerce when it filed its application; and that Barclays' verified statement of *bona fide* intent to use the mark in commerce "was submitted fraudulently and renders the Application void ab initio."[5]

Tiger Lily requests an order striking Barclays' two testimonial declarations and various exhibits attached thereto or submitted by notice of reliance based on procedural and substantive grounds. The Board approaches evidentiary objections differently depending upon whether they are procedural or substantive in nature, as discussed below.

**Motion to Strike**

*I.      Procedural Grounds*

Tiger Lily moves to strike certain exhibits to Barclays' four notices of reliance on the basis that they suffer from procedural defects. Specifically, for each exhibit

---

[5] See the discussion regarding the sufficiency of the pleadings in Opposition No. 91219549 *infra.*

3

identified in the numbered paragraphs below, Tiger Lily asserts that Barclays has provided an insufficient description of the relevance of the documents and insufficient explanation of their association with particular facts relevant to particular claims and defenses, and that the documents in each exhibit are so numerous that they should be accompanied by a properly indexed and associated schedule (91 TTABVUE 9-10). Additionally, Tiger Lily argues that Exhibits 1 and 4 to Barclays' second notice of reliance should be stricken because they comprise improper subject matter for a notice of reliance, namely, quarterly reports (Exhibit 4) and newswire articles (Exhibits 1 and 4) (91 TTABVUE 11).[6]

Objections to testimony or to a notice of reliance grounded in asserted procedural defects are waived unless raised promptly, when there is an opportunity to cure. *See, e.g., Corporacion Habanos SA v. Guantanamera Cigars Co.,* 102 USPQ2d 1085, 1093 (TTAB 2012) (objection that relevance of evidence not identified waived where raised for first time with brief because procedural deficiency could have been cured if objection had been raised seasonably); *Beech Aircraft Corp. v. Lightning Aircraft Co.,* 1 USPQ2d 1290, 1291 (TTAB 1986) (objection waived where respondent received notice of reliance without referenced publications appended thereto but did not raise the issue until briefing); *see also* Trademark Board Manual of Procedure (TBMP) § 707.02(b) (June 2017). Tiger Lily has promptly raised its objections to the

---

[6] 79 TTABVUE 115-247 and 80 TTABVUE 2113-2236. In fact, only a portion of Exhibit 1 comprises improper materials. Therefore, the better practice would have been for Tiger Lily to indicate in its motion to strike which particular pages in the exhibits are at issue using the pages as they appear in TTABVUE (e.g., 80 TTABVUE 2235-36). *Cf.* Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 801.03 (June 2017).

descriptions of relevance set forth in the notices of reliance. Accordingly, the Board turns first to whether those descriptions are sufficient.

A. *Descriptions of Relevance in Notices of Reliance*

1) <u>First Notice of Reliance, Exhibit 9</u>. The description provided for the 331 pages is as follows: "The TSDR records and copies of the registration certificates for numerous third party registrations evidence registration of the same mark for financial reporting, education and advice, wine clubs and retail services, including retail markets that sell food and beverages attached hereto as Exhibit 9 and [are] offered as evidence that consumers would expect these goods and services to emanate from the same source." (77 TTABVUE 4).

2) <u>Second Notice of Reliance, Exhibits 1, 2, 3 and 4</u>. The description provided for these four groups of documents (totaling 3027 pages) states that the evidence has been "offered to show that the LEHMAN Names and Marks have strength, fame and recognition through long and extensive public exposure and use, that Lehman Brothers' rights in the LEHMAN Names and Marks were transferred to and are owned by Barclays, and continuing use and intent to use, as relevant to Barclays' claims of likelihood of confusion, dilution and false suggestion of a connection, and in defense of Tiger Lily's claims of priority, fraud and lack of bona fide intent to use" (79 TTABVUE 3, 8, 27-28, 102).

3) <u>Third Notice of Reliance, Exhibit 9</u>. The description provided for this exhibit similarly states that the evidence (comprising 1715 pages) has been "offered to show that the LEHMAN Names and Marks have strength, fame and

recognition through long and extensive public exposure and use, as relevant to Barclays' claims of likelihood of confusion, dilution and false suggestion of a connection, and in defense of Tiger Lily's claims of priority, fraud and lack of bona fide intent to use" (81 TTABVUE 10).

4) <u>Fourth Notice of Reliance, Exhibit 4</u>. The description for this exhibit states that the documents (comprising 1454 pages) "are offered as evidence of Tiger Lily's lack of bona fide intent to use the LEHMAN BROTHERS mark" (84 TTABVUE 4).

Pursuant to the 2017 amendments to Trademark Rule 2.122(g), 37 C.F.R. § 2.122(g), a notice of reliance must indicate generally the relevance of the evidence and associate it with one or more issues in the proceeding.[7] To meet that requirement, the offering party should associate the materials with a specific factor relevant to a specific and pleaded claim or defense, or a specific fact relevant to determining a particular claim or defense. *See FUJIFILM SonoSite, Inc. v. Sonoscape Co.*, 111 USPQ2d 1234, 1236-37 (TTAB 2014) (citing *Safer Inc. v. OMS Inv. Inc.*, 94 USPQ2d 1031, 1039-40 (TTAB 2010)); *see also* TBMP § 704.02. If the propounding party introduces a group of documents to support more than one element of a claim or defense, or more than one relevant fact, it should indicate the specific element or fact

---

[7] *See* Miscellaneous Changes To Trademark Trial And Appeal Board Rules, 81 Fed. Reg. 69950, 69952 (Oct. 7, 2016) ("To alleviate any uncertainty, this final rule adds a paragraph to the requirements for a notice of reliance, specifically, to require that the notice indicate generally the relevance of the evidence and associate it with one or more issues in the proceeding. In an effort to curtail motion practice on this point, the rule explicitly states any failure of a notice of reliance to meet this requirement will be considered a curable procedural defect. This codifies the holding in *FUJIFILM SonoSite, Inc. v. Sonoscape Co., Ltd.*, 111 USPQ2d 1234, 1237 (TTAB 2014).").

supported by each document in the group. *FUJIFILM*, 111 USPQ2d at 1236 (citing

*Safer*, 94 USPQ2d at 1040). The Board in *FUJIFILM* set forth an illustration of the

foregoing requirement, which is relevant here:

> For example, if printed materials or Internet web pages introduced through a notice of reliance are submitted to show the similarity of the products, the similarity of the channels of trade, and the strength of the mark, *the propounding party should identify which of the documents support each element or fact* (e.g., plaintiff's exhibits 1-10 demonstrate the similarity of the products, plaintiff's exhibits 3-5 and 11-15 demonstrate the similarity of the channels of trade, and plaintiff's exhibits 7-8, 16 and 16-30 demonstrate the strength of plaintiff's mark). . . . Under [this] practice, [a party's] notice of reliance would not be acceptable [if the party] submitted the documents to prove three likelihood of confusion elements, but did not associate each document or group of documents with a specific likelihood of confusion factor. . . . The Board will not expend its resources guessing which pages the propounding party is relying upon, particularly when an exhibit comprises such a large number of pages. [The propounding party must indicate] which web page or group of web pages within each exhibit support each specific *du Pont* factor. *Id.*

Turning initially to the first notice of reliance (Exhibit 9) and the fourth notice of

reliance (Exhibit 4), the Board finds the descriptions in those notices of reliance to be

sufficiently narrow or focused and, therefore, to be acceptable. Accordingly, Tiger

Lily's motion to strike is **denied** with respect to the asserted procedural defects with

those exhibits.

As regards Barclays' second notice of reliance (Exhibit 1, 2, 3 and 4) and third

notice of reliance (Exhibit 9), although Barclays has included in each notice a chart

listing all of its exhibits and their respective pages numbers using BATES numbers,

Barclays has only provided a description or function of the attached documents that

is so general as to be meaningless. The entirety of each exhibit is said to show three

facts:

- LEHMAN Names and Marks have strength, fame and recognition through long and extensive public exposure and use,

- Lehman Brothers' rights in the LEHMAN Names and Marks were transferred to and are owned by Barclays, and

- continuing use and intent to use,

and all the foregoing are assertedly relevant to:

- Barclays' claims of likelihood of confusion, dilution and false suggestion of a connection, and

- its defense to Tiger Lily's claims of priority, fraud and lack of bona fide intent to use.

Because Barclays has not identified any particular pages in the five exhibits as being relevant to any particular element of its claims or defenses, such as any specific *du Pont* factor in conjunction with the general description, Barclays has failed to comply with the requirements set forth in *FUJIFILM*, and as a result, the 2017 amendment to Trademark Rule 2.122(g). Barclays' failure to delineate the relevant element of a claim or defense for specific pages within its exhibits is particularly problematic because of the sheer volume of pages included in these exhibits. Although Barclays may explain its exhibits in its trial brief, Tiger Lily is entitled to know, prior to its testimony period, which pages of each exhibit assertedly support which claim, defense or element of a claim or defense.

Failure to comply with Trademark Rule 2.122(g) and *FUJIFILM* is a curable defect. Further, Barclays' testimony period need not be reopened to allow for such

8

cure. Therefore, Barclays is allowed until **TWENTY (20) DAYS** from the mailing date of this order to file and serve a revised notice of reliance relating to Exhibits 1, 2, 3 and 4 of its second notice of reliance and Exhibit 9 of its third notice of reliance, indicating which pages[8] of the exhibits relate to which *du Pont* factor, element of the dilution claim,[9] element of the false suggestion claim, or defense to a particular Tiger Lily claim. If Barclays fails to comply, the exhibits will not be considered. Note that the Board, at final decision, will not be limited to associating a piece of evidence only with the issue or element with which the proffering party associated it. Rather, the Board may treat any evidence of record as probative of any issue or element that arises in the proceedings.

Accordingly, with respect to Barclays' second notice of reliance, (Exhibits 1, 2, 3 and 4) and third notice of reliance (Exhibit 9), Tiger Lily's motion to strike is **<u>granted</u>**, with leave to cure. Barclays should not resubmit its exhibits with the revised notice of reliance.

B. *Type of Documents Attached to Second Notice of Reliance*

As discussed *supra*, Tiger Lily argues that newswire service reports and quarterly reports contained in Exhibits 1 and 4 of the second notice of reliance should be stricken. Generally, financial reports may not be made of record by a notice of

---

[8] Barclays should identify the specific pages using the pages as they are numbered in TTABVUE.

[9] To the extent that Barclays contends that particular items said to evidence fame are sufficient for both the 2(d) likelihood of confusion claim and the dilution claim, it may so state.

reliance. *See Research in Motion Ltd. v. NBOR Corp.*, 92 USPQ2d 1926, 1929 (TTAB 2009); *Minnesota Mining & Mfg. Co. v. Stryker Corp.*, 179 USPQ 433, 434 (TTAB 1973). However, one of two quarterly reports included in Exhibit 4 (80 TTABVUE 2135-2143) is actually a segment of a newswire report retrieved from the LEXIS/NEXIS database. The other newswire reports included in Exhibits 1 and 4 are also retrieved from the LEXIS/NEXIS database.[10] The Board routinely accepts printouts of articles obtained from the LEXIS/NEXIS database, when filed under notice of reliance, so long as the date and source of each article are clear. *See Alcatraz Media Inc. v. Chesapeake Marine Tours Inc.*, 107 USPQ2d 1750, 1759 (TTAB 2013); *Weyerhaeuser Co. v. Katz,* 24 USPQ2d 1230, 1232 (TTAB 1992); *Int'l Assn. of Fire Chiefs v. H. Marvin Ginn Corp.*, 225 USPQ 940, 942 n.6 (TTAB 1985), *rev'd on other grounds*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986) (excerpts from the Lexis/Nexis database, including stories published by wire services, were admissible through notice of reliance because the materials "clearly identify the excerpted articles by their dates of publication and sources, all of which are readily available in published materials"); *see also In re Cell Therapeutics Inc.*, 67 USPQ2d 1795, 1797 (TTAB 2003). In this case, the LEXIS/NEXIS printouts comprising newswire reports show the date and source of each report. Therefore, with respect to Barclays' printouts of newswire service reports from the LEXIS/NEXIS database (inclusive or not of a quarterly report), Tiger Lily's motion to strike is **denied**. However, such reports have limited probative value, because they may only be used for what they show on their face and

---

[10] Exhibit 1 (79 TTABVUE, 181, 182); Exhibit 4 (80 TTABVUE 2114-31, 2144-72, 2175-78, 2181-84, 2193-2202, 2235-36).

not for the truth of the matter asserted in the reports, and also because the extent of exposure of these reports to relevant consumers is unknown. As to the other quarterly report submitted by Barclays (80 TTABVUE 2185), said report constitutes part of a press release issued by the Lehman Brothers Inc. Trustee. Press releases are not proper subject matter for a notice of reliance. *See Hard Rock Café Licensing Corp. v. Elsea*, 48 USPQ2d 1400, 1403 (TTAB 1998); *Colt Indus. Operating Corp. v. Olivetti Controllo Numerico S.p.A.*, 221 USPQ 73, 74 n.2 (TTAB 1983). Accordingly, Tiger Lily's motion to strike is **granted**, and that press release is hereby stricken. *See* Fed. R. Civ. P. 12(f).

*II.    Substantive Grounds*

Tiger Lily also complains on substantive grounds that the two testimonial declarations have no probative value and that the exhibits thereto, as well as the exhibits filed under all four notices of reliance, are needlessly cumulative, irrelevant and repetitive.[11] As to these substantive grounds, it is well-settled that such objections are considered by the Board only at final hearing, if properly maintained. *See, e.g., FUJIFILM*, 111 USPQ2d at 1236; *Alcatraz Media Inc. v. Chesapeake Marine Tours Inc.,* 107 USPQ2d 1750, 1755 (TTAB 2013) (citing *Krause v. Krause Publ'ns Inc.,* 76 USPQ2d 1904, 1907 (TTAB 2005) and *Marshall Field & Co. v. Mrs. Fields*

---

[11] Tiger Lily points out that Exhibit 10 comprises 800 pages; Exhibit 11 comprises 928 pages; Exhibit 21 has 1379 pages; Exhibit 29 has 364 pages; Exhibit 30 has 202 pages; Exhibit 44 has 1944 pages; and Exhibit 45 has 670 pages. Similarly, Exhibit 9 to the first notice of reliance comprises 331 pages; Exhibit 2, 3, and 4 to the second notice of reliance have 667, 2110, and 123 pages, respectively; Exhibit 9 to the third notice of reliance comprises 1715 pages; and Exhibit 4 to the fourth notice of reliance comprises 1454 pages. The Board notes that Exhibit 1 to the second notice of reliance comprises 132 pages.

*Cookies,* 25 USPQ2d 1321, 1326 (TTAB 1992) (internal citations omitted)); *M-Tek Inc. v. CVP Sys. Inc.,* 17 USPQ2d 1070, 1073 (TTAB 1990) (since a ruling on the admissibility of exhibits under the Federal Rules of Evidence is deferred until trial, ruling on the question of whether documents are admissible in the first instance also is deferred until final hearing); *see also* TBMP § 502.01 ("It is the policy of the Board not to read trial testimony or examine other trial evidence prior to final decision.").

While recognizing that the Board "ordinarily" does not strike testimony on the basis of substantive objections prior to final hearing, as discussed in TBMP § 533.03, Tiger Lily argues in its motion that the reference to "ordinarily" leaves a window to consider at this stage of the proceeding whether certain evidence should not form a part of the record when case law provides that the evidence has no probative value. Specifically, Tiger Lily contends that under *In re Gray, Inc.,* 3 USPQ2d 1558 (TTAB 1987), the declarations of Barclays' in-house counsel and its outside counsel's former paralegal should be stricken now because the declarations are biased and lack credibility. Tiger Lily also suggests that the testimony is inappropriate under 37 C.F.R. § 10.63.[12] Under this rule, an attorney generally may not represent a party on whose behalf the practitioner is likely to appear as a witness, and if an attorney becomes a witness on behalf of a party, withdrawal from representation may be necessary.[13]

---

[12] Effective May 3, 2013, 37 C.F.R. Part 10 was removed. *See* 78 FR 20180, April 3, 2013. The operative rule is 37 C.F.R. § 11.307.

[13] The Board denies Tiger Lily's request for an oral hearing on its substantive objections to the two declarations. The issues are adequately briefed, and it is not the practice of the Board to have an oral hearing on a motion unless necessary to clarify the issues to be decided.

Tiger Lily also argues that the Board should address the substantive issues now because there has been created by amended Trademark Rule 2.123(c) a "cost-shifting burden" for the adverse party who wishes to exercise its right to orally cross-examine a witness presented by way of affidavit or declaration. In particular, Tiger Lily argues, "[t]he objecting party is forced to bear the costs of such deposition and transcription, and then be compelled to brief the Board on its lack of admissibility, lack of probative value and weight … such an approach, in the face of clear TTAB precedent against attorneys giving evidence, unnecessarily burdens the questioning party by inflating the costs of the deposition process, which could be saved by an earlier ruling" (91 TTABVUE 6).

Pursuant to the 2017 amendments to Trademark Rules 2.123(a)(1) and 2.123(c), 37 C.F.R. §§ 2.123(a)(1) and 2.123(c), if a party submits the testimony of a witness in the form of an affidavit or a declaration, the adverse party may elect to take and must bear the expense of oral cross-examination of the affiant or declarant. Tiger Lily in essence seeks to eliminate the minor cost-shifting effect of the rules change, by having the Board make substantive evidentiary determinations in response to a motion to strike. The Board addressed concerns regarding the fairness of the cost-shifting effect in its response to comments published in "Miscellaneous Changes to Trademark Trial and Appeal Board Rules," 81 Fed. Reg. 69950, 69964 (Oct. 7, 2016), stating that

---

Ordinarily, arguments on a motion are, and should be, adequately presented in the written briefs, and therefore the Board rarely grants a request for an oral hearing on a motion. *See TBC Corp. v. Grand Prix Ltd.*, 12 USPQ2d 1311, 1313 n.3 (TTAB 1989) (exception to usual practice is not warranted); TBMP § 502.03.

"[e]ven with oral testimony depositions, the party cross-examining the witness must pay its own travel expense and its own attorney expenses" and that "the provision that the party seeking oral cross-examination must bear the expense of oral cross-examination is intended to cover the expense of the court reporter." *Id.* Therefore, to the extent that an adverse party seeks to cross-examine a testimonial declarant to test the declarant's credibility, to question the declarant's statements, or to lodge objections, the only new costs to that party are that of the court reporter and the cost of the venue, if necessary. This partial cost-shifting, subject to notice and comment during the rulemaking process, was determined to support the goal of the final rule to create litigation efficiencies by "minimiz[ing] the ability of a party seeking cross-examination to thwart the other party's efforts to rein in the cost of litigation by opting for testimony by affidavit." *Id.*

Further, though Tiger Lily argues that it should not be required to conduct oral cross-examination in order to lodge a substantive objection to declaration testimony, it need not elect oral cross-examination in order to lodge a substantive objection to declaration testimony. Such an objection may be raised by a motion to strike and maintained in the brief, or raised in the brief for the first time. *Genesco Inc. v. Martz*, 66 USPQ2d 1260, 1264 (TTAB 2003) ("[W]ith regard to substantive objections (e.g., improper rebuttal, hearsay), these need not be raised by motion, but rather should be raised in the objecting party's brief on the case."); *see also* Fed. R. Civ. P. 32(d)(3)(A); TBMP § 707.03(c) ("[T]he Board will consider [a substantive objection] even if the

14

objection is raised for the first time in or with a party's brief on the case.).[14] Thus, there is not necessarily a cost-shifting burden incurred solely for raising substantive objections.

Moreover, the fact that a party may now submit unilaterally the testimony of its witnesses in the form of an affidavit or a declaration, the result of which the adverse party must bear the costs of cross-examination if elected, does not affect how evidence is presented to the Board, that is, outside of its presence followed by submission to a panel of judges for final decision. *See Genesco Inc.*, 66 USPQ2d at 1263 (discussing how evidence is presented before the Board and long-standing policy not to read trial testimony and review evidence prior to submission of the case to judge panel).

For all of these reasons, the shift in court-reporting costs to the electing party does not entitle it to an earlier ruling on substantive objections than otherwise would be available with a direct testimony deposition.

With respect to Tiger Lily's argument that TBMP § 533.03 would allow an interlocutory order with respect to Tiger Lily's substantive objections, the Board disagrees. Amended Trademark Rule 2.123(j) explicitly provides that "[o]bjections to the competency of a witness or to the competency, relevancy, or materiality of

---

[14] However, as with objections to evidence based on asserted procedural defects (see discussion *supra* Section I.), some objections to testimony that are essentially procedural in nature are waived unless raised promptly, when there is an opportunity to cure. *See, e.g., Rocket Trademarks Pty. Ltd. v. Phard S.p.A.*, 98 USPQ2d 1066, 1070-71 (TTAB 2011) (objection concerning authentication made in brief but not in testimonial deposition procedural in nature and not timely raised); *Chase Manhattan Bank, N.A. v. Life Care Services Corp.*, 227 USPQ 389, 391 (TTAB 1985) (foundation objections to a survey submitted by opposer raised for the first time in brief waived); *see also* TBMP § 707.03(c).

testimony . . . may not be considered until final hearing."[15] In view of the foregoing, to the extent that Tiger Lily argues that the testimonial declarations of Mr. Greenberg and Mr. Duran are irrelevant and have little probative value or that the exhibits thereto and the notices of reliance are needlessly cumulative and repetitive, said objections will be considered at final hearing so long as they are raised at the time specified in Fed. R. Civ. P. 32(d)(3)(A) and in Tiger Lily's trial brief. Trademark Rule 2.123(j), 37 C.F.R. § 2.123(j). *See Wet Seal Inc. v. FD Mgmt. Inc.*, 82 USPQ2d 1629, 1632 (TTAB 2007); *Hard Rock Café Int'l (USA) Inc. v. Elsea*, 56 USPQ2d 1504, 1507 n.5 (TTAB 2000) (objection to exhibit raised during deposition but not maintained in brief deemed waived); *Reflange Inc. v. R-Con Int'l*, 17 USPQ2d 1125, 1126 n.4 (TTAB 1990); *see also* TBMP § 707.03(c). Accordingly, the request that the Board strike the above-identified declarations based on substantive objections is **deferred** for consideration at final hearing.

**Pleadings in Opposition No. 91219549**

Although Tiger Lily asserts on the ESTTA cover sheet and in the preamble of its pleading that it opposes registration on the ground of likelihood of confusion, the Board finds no allegations in the pleading that support such claim. In addition, the purported fraud claim is insufficiently pleaded. *See In re Bose Corp.,* 580 F.3d 1240; 91 USPQ2d 1938, 1939 (Fed. Cir. 2009); *Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46, 1 USPQ2d 1483, 1484 (Fed. Cir. 1986); Fed. R. Civ. P. 9(b). Tiger Lily is allowed

---

[15] Moreover, the TBMP is merely advisory and is not binding upon the Board. *See Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 103 USPQ2d 1435, 1443 (Fed. Cir. 2012) (Dyk concurring and dissenting) (Unlike the federal regulations, the TMEP, "does not have the force and effect of law."); TBMP (Introduction).

until **TWENTY (20) DAYS** from the mailing date of this order to submit an amended pleading with sufficient claims, failing which those claims shall be dismissed with prejudice. Barclays is allowed until **TWENTY (20) DAYS** from the date of service of the amended pleading to file an answer thereto.

## Summary; Proceedings Remain Suspended

As discussed herein, Tiger Lily's motion to strike is granted in part, denied in part, and deferred in part, and Barclays is allowed until **TWENTY (20) DAYS** from the mailing date of this order to submit to the Board revised notices of reliance relating to Exhibits 1, 2, 3 and 4 of its second notice of reliance and Exhibit 9 of its third notice of reliance.

On April 5, 2017, Tiger Lily filed notices of election of oral cross-examination of Barclays' testimonial witnesses, Anthony L. Greenberg and Ignacio V. Duran for May 2, and May 4, 2017, respectively. Such notices were filed within 20 days from the date of service of the affidavit or declaration, and therefore were timely. *See* Trademark Rule 2.123(c), 37 C.F.R. § 2.123(c).

Oral cross examination of an affiant or declarant must be completed within 30 days from the date of service of the notice of election. *Id*. However, these proceedings were suspended for consideration of the subject motion to strike prior to the scheduled dates for cross-examination. Therefore, Tiger Lily is allowed until **THIRTY (30) DAYS** from the date of service of Barclays' revised notices of reliance (in accordance with the foregoing order) to conduct the elected cross-examination of Barclays' witnesses. The parties are directed to file a notice of completion of the cross-

examination within <u>five days from the date of its completion</u>. Upon receipt of said notice, proceedings will resume and remaining trial dates will be reset by Board order.

☼☼☼